THE CAVANAGH LAW FIRM
A Professional Association

1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

Henry L. Timmerman, SBN 003479
Katherine O. Cheney, SBN 021113
Attorneys for Defendant Robin's Nest Properties, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| ANNE MERCY KAKARALA, | No. **CV 10-208-TUC-FRZ** |
|---|---|
| Plaintiff, | |
| v. | **DEFENDANT ROBIN'S NEST PROPERTIES, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| WELLS FARGO BANK, N.A., et. al., | |
| Defendants. | **(ORAL ARGUMENT REQUESTED)** |

Defendant Robin's Nest Properties, LLC ("Defendant") hereby requests that, pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, summary judgment be entered against Plaintiff Anne Mercy Kakarala ("Plaintiff"). Summary judgment is proper when a party is entitled to prevail as a matter of law when the parties dispute no issue of material fact. *See Jones v. Halekulani Hotel, Inc.*, 557 F.2d 1308, 1310 (9th Cir. 1977).

## I.    Brief Statement of Relevant Facts

Plaintiff Anne Mercy Kakarala ("Plaintiff") previously owned the property located at 1152 North Thunder Ridge Drive, Tucson, Arizona 85745 (the "Property"), which was encumbered by a deed of trust in favor of Defendant Wells Fargo Bank, N.A. ("Wells Fargo"). (*See* Defendant Robin's Nest Properties, LLC's Statement of Facts to Support Its

1   Motion for Summary Judgment ["SOF"] ¶1.)

2       After Plaintiff defaulted on her loan, Wells Fargo non-judicially foreclosed on the

3   Property.   (*See* SOF ¶2.)   The Property trustee's sale of the Property was initially

4   scheduled for March 27, 2009 (the "Initial Trustee's Sale").   (*See* SOF ¶3.)   In her

5   Supplemental Disclosures, Plaintiff admits that she had notice of the Initial Trustee's Sale

6   and that she even called the office of Tiffany & Bosco, P.A. in connection with the Initial

7   Trustee's Sale. (*See* SOF ¶4.)

8       The trustee's sale of the Property was postponed four times by Nikki Francis

9   ("Francis"), as agent of Trustee Michael A. Bosco, Jr.   (*See* SOF ¶¶5-8.)   At each

10   postponement, Francis gave notice of the date, time, and place of the new trustee's sale by

11   public declaration, thus complying with the postponement requirements of A.R.S. § 33-

    811(B).  (*See* SOF ¶¶5-8.)

12       The trustee's sale of the Property (the "Trustee's Sale") was conducted on July 28,

13   2009.   (*See* SOF ¶9.)   Defendant, through attorney Jeffrey S. Katz ("Katz"), who was

14   retained to bid on the Property on behalf of Defendant, was the high bidder for the

15   Property for value. (*See* SOF ¶9.)   Following the Trustee's Sale, a trustee's deed (the

16   "Trustee's Deed") to the Property (the "Trustee's Deed") was issued to Defendant and was

17   recorded.   (*See* SOF ¶10.)   Neither Defendant nor Katz had notice of any problems or

18   deficiencies with the foreclosure process.  (*See* SOF ¶11.)  Defendant now has title to and

19   possession of the Property pursuant to the Trustee's Deed. (*See* SOF ¶12.)   However,

20   because Plaintiff recorded a lis pendens against the Property, Defendant is unable to sell

21   it. (*See* SOF ¶12.)

22

23              **II.**    **Legal Argument**

24       Plaintiff's Complaint is really directed at her lender, Wells Fargo.  But, because her

25   loan defaults resulted in the loss of the Property, Plaintiff recorded a lis pendens and is

26   attempting to overturn the sale of the Property to Defendant.  However, Defendant's title

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

CAVPHXDB:1496740.1

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1  to the Property is valid, and Plaintiff's allegations as to Defendant have no merit.

2  Plaintiff's remedy, if she has any, must be solely against Wells Fargo.

3       Defendant purchased the Property and received a Trustee's Deed.  The controlling

4  statute clearly provides that the Trustee's Deed raises the conclusive presumption that the

5  trustee's sale requirements were all satisfied with respect to a purchaser for value and

6  without actual notice of any defects in the Trustee's Sale.  Defendant was such a

7  purchaser.  Thus, there are no genuine issues of material fact, and summary judgment is

8  appropriate as a matter of law.

9

### A.  The Notice Requirements for the Trustee's Sale Were Satisfied.

10      As set forth below, there is a conclusive presumption that the Trustee's Sale was

11  valid as to Defendant. Additionally, it appears that Plaintiff's only complaint about the

12  sale process was her lack of notice of the continuances of the Initial Trustee's Sale.

13  However, as set forth in the Affidavit of Francis, the continuances all complied with

14  Arizona law.

15      A.R.S.  § 33-810(B) sets out the notice requirements for a postponement of a

16  trustee's sale.  In relevant part, it states:

17          The person conducting the sale may postpone or continue the
            sale from time to time or change the place of the sale to any
18          other location authorized pursuant to this chapter by giving
            notice of the new date, time and place by public declaration at
19          the time and place last appointed for the sale.

20

21  In construing this statute, courts have held that "Arizona allows a foreclosure sale to be

22  continued by public proclamation at the time and location of the previously scheduled

23  sale. . .   The statute requires no other notice. . . ." *Anderson v. Anderson*, 195 B.R. 87, 89

24  (B.A.P. 9th Cir. 1996); *see also Hills v. Ocwen*, 299 B.R. 581, 588 (Bankr. D. Ariz. 2002);

    *Kelly v. Nationsbanc Mortgage Corp.*, 17 P.3d 790, 795 (Ariz. Ct. App. 2001) (noting that
25
    it is the trustor's "burden to stay apprised of the new sale dates").  As demonstrated by
26

CAVPHXDB:1496740.1

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1   Francis' Affidavit, Francis followed the requirements outlined in § 33-810(B), and

2   Plaintiff has alleged no facts that state otherwise.  Thus, the requirements of A.R.S. § 33-

3   810(B) were satisfied, and summary judgment is appropriate as a matter of law on this

4   issue.

5

6   **B.  Because Defendant purchased the Property for value and without actual**

7   **notice of any alleged defect in the Trustee's Sale, Defendant's title to the Property is**

8   **conclusively established.**

9        Even if this Court were to somehow find that Plaintiff did not receive appropriate

    notice of the trustee's sale, the delivery of the Trustee's Deed to Defendant, who purchased

10   the Property for value and without actual notice of any alleged defect in the Trustee's Sale,

11   nonetheless conclusively establishes Defendant's valid title to the Property.  A.R.S. § 33-

12   811(B) states:

13            The trustee's deed shall raise the presumption of compliance
              with the requirements of the deed of trust and this chapter
14            relating to the exercise of the power of sale and the sale of the
              trust property, including recording, mailing, publishing and
15            posting of notice of sale and the conduct of the sale. **A**
              **trustee's deed shall constitute conclusive evidence of the**
16            **meeting of those requirements in favor of purchasers or**
              **encumbrancers for value and without actual notice.**
17            (emphasis added).

18

19

20        Courts that have interpreted this statute have held that a sale to a "bona fide third-

21   party purchaser is valid."  *Hills v. Ocwen*, 299 B.R 581, 586 (Bankr. D. Ariz. 2002)

22   (stating that a Trustee's Deed "creates a 'presumption of compliance ' and 'conclusive

23   evidence' that the sale was conducted regularly in accordance with the required statutory

    notice provisions"); *see also Main I Ltd. Partnership v. Venture Capital Const. & Dev.*

24   *Corp.*, 741 P.2d 1234 (Ariz. Ct. App. 1987).  In specifically addressing the impact of

25   A.R.S. § 33-811(B) on a trustor's claim that the notice requirement was not satisfied, the

26

CAVPHXDB1:1496740.1

Arizona Court of Appeals held in *Security Savings and Loan Association v. Milton* that "the . . . statute precludes an examination into the merits of the notice issue." *Security Savings and Loan Ass'n v. Milton*, 828 P.2d 1216, 1217 (Ariz. Ct. App. 1991).

Defendant paid value for the Property and neither it nor Katz had actual notice of any alleged deficiencies in the foreclosure process. Frankly, the only deficiency alleged by Plaintiff (no actual notice of the continued sale date) is not a deficiency at all. Thus, once Defendant received the Trustee's Deed, any inquiry as to the validity of the Trustee's Sale is irrelevant for purposes of establishing Defendant's title to the Property, and summary judgment is therefore appropriate as a matter of law.

### III.   Conclusion

Defendant is entitled to judgment as a matter of law because there are no genuine issues of material fact. Plaintiff has alleged no facts that dispute the information in Francis' Affidavit that the Trustee's Sale was continued in a manner required by the governing statute. Even in the event this Court determines that Plaintiff did not have some required notice, it is undisputed that Defendant purchased the Property for value and without notice of any alleged defect in the Trustee's Sale. Therefore, upon delivery of the Trustee's Deed to Defendant, Defendant's title to the Property is conclusively established.

Based upon these undisputed facts, Defendant is entitled to summary judgment and an award of its attorneys' fees and costs. Additionally, this Court should enter its Order that the Lis Pendens is quashed.

DATED this 18th day of May, 2010.

THE CAVANAGH LAW FIRM, P.A.

By:   s/Henry L. Timmerman
      Henry L. Timmerman, Esq.
      Katherine O. Cheney, Esq.
      Attorneys for Defendant Robin's Nest

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

1

2

3   Original e-filed with Court this 18th day
of May, 2010;

4   Copy hand delivered on the 18th day of May,
2010 to:

5

6   Honorable Frank R. Zapata
United States District Court
Evo A. Deconcini U.S. Courthouse
7   405 W. Congress, Suite 5160
Tucson, AZ 85701

8   Copy mailed on the 18th day of May,
2010 to:

9

10   Gregory J. Marshall, Esq.
Snell & Wilmer
11   One Arizona Center
400 East Van Buren Street, Suite 1900
12   Phoenix, Arizona 85004-2202
Attorney for Defendant Wells Fargo Bank, N.A.

13

Anne Mercy Kakarala
14   2510 E. Grant Road, Ste #100
Tucson, AZ 85716
15   Plaintiff pro se

16

17   By: /s/Amy L. Nash _____
Amy L. Nash

18

19

20

21

22

23

24

25

26

LAW OFFICES
THE CAVANAGH LAW FIRM, P.A.
1850 NORTH CENTRAL AVENUE, SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000

CAVPHXDB:1496740.1