**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anne Mercy Kakarala, | No. CV-10-00208-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Wells Fargo Bank, N.A., | |
| Defendant. | |

This action arises from a foreclosure and trustee's sale of real property located in Tucson, Arizona.  Anne Kakarala, the former owner of the property, filed suit against Wells Fargo Bank in September 2009.  Doc. 1-1 at 15-18.  The operative amended complaint purports to assert seventeen claims for relief.  Doc. 38.

Defendant has filed a motion to dismiss pursuant to Rules 8(a), 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure.  Doc. 40.  The motion is fully briefed.  Docs. 45, 46.  For reasons that follow, the motion will be granted.[1]

**I.      Pleading and Dismissal Standards.**

When analyzing a complaint for failure to state a claim for relief under Rule 12(b)(6), the well-pled factual allegations "'are taken as true and construed in the light most favorable to the [plaintiff].'"  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)

---

[1]Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision.  *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1   (citation omitted).  Legal conclusions couched as factual allegations "are not entitled to the
2   assumption of truth," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), and therefore are
3   "'insufficient to defeat a motion to dismiss for failure to state a claim,'" *In re Cutera*
4   *Securities Litigation*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted).  To avoid a
5   Rule 12(b)(6) dismissal, and satisfy the pleading requirements of Rule 8(a), the complaint
6   must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*
7   *Corp. v. Twombly*, 50 U.S. 544, 570 (2007).  Where the "well-pleaded facts do not permit
8   the court to infer more than the mere possibility of misconduct, the complaint has alleged –
9   but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Iqbal*, 556 U.S. at 662
10  (quoting Fed. R. Civ. P. 8(a)(2))..

11          Where claims are grounded in fraud, as in this case, the factual allegations must meet
12  not only *Twombly* and *Iqbal*'s plausibility standard for Rule 8(a), but also the heightened
13  pleading requirements of Rule 9(b).  That rule requires a party to state with "particularity"
14  the circumstances constituting fraud other than the alleged tortfeasor's intent and knowledge,
15  which may be alleged generally.  To survive dismissal, "[a]verments of fraud must be
16  accompanied by 'the who, what, when, where, and how' of the misconduct charged."
17  *Vess v. Ciba-Geigy Corp. U.S.A.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

18  **II.     Counts One and Nine – Fraud.**

19          Counts one and nine of the amended complaint purport to assert fraud on the part of
20  Defendant in connection with the foreclosure and loan modification process.  Count one
21  alleges that when Plaintiff called Defendant on December 28, 2008, Defendant stated that
22  it would "work with her to keep her house if she could send payments in with financial
23  statements." Doc. 38 at 4.  That statement is alleged to have been repeated in a letter dated
24  April 11, 2009.  *Id.*  Plaintiff alleges that the statement was false when made and she relied
25  on it by "believ[ing] that there was no foreclosure action active." *Id.*  Plaintiff alleges in
26  count nine that the statement induced her to make loan payments by "tricking her to believe
27  there was a loan modification started," but this in fact "was a scam to foreclose the property."
28  *Id.* at 11-12.

1   Defendant argues that the complaint's allegations are not sufficient to state an
2   actionable claim for fraud.  Doc. 40 at 3-6, 10.  The Court agrees.

3   The elements of fraud under Arizona law are a false and material representation,
4   knowledge of the falsity or ignorance of its truth on the part of the defendant, justifiable
5   reliance by the plaintiff, and resulting injury.  *See Kennedy v. Chase Home Fin., LLC*,
6   No. CV11-8109-PCT-DGC, 2012 WL 1132785, at *4 (D. Ariz. Apr. 4, 2012).  Defendant,
7   the fraud claims allege, represented to Plaintiff that if she were to send in loan payments and
8   financial statements, Defendant would "work with her to keep her house" and she "might be
9   eligible for loan modification[.]"  Doc. 38 at 4, 12.  The April 11, 2009 letter referenced in
10  the complaint (which Plaintiff does not dispute is actually dated March 11, 2009, *see* Docs.
11  40 at 4 n.4, 45 at 6), makes clear that the foreclosure action would remain active during the
12  loan modification process: "Although we are eager to help you, *we will not delay foreclosure*
13  *action on your home*."  Docs. 40-6 at 2, 45-1 at 6 (emphasis added).  The same warning was
14  given to Plaintiff in letters dated December 4, 2008 and April 6, 2009.  Doc. 45-1 at 3, 12.[2]

15  Nowhere does the complaint allege that Defendant promised to permanently modify
16  the loan and cease foreclosure action throughout the loan modification process.  Nor is any
17  such representation made in the correspondence attached to Plaintiff's response.  Doc. 45-1
18  at 2-15.  The letter dated March 23, 2009, informed Plaintiff that she was being "considered"
19  for a loan modification and that foreclosure activity would be suspended for 30 days "[i]f you
20  qualify[.]"  *Id.* at 9.  Plaintiff herself admits that Defendant stated only that she "might be
21  eligible" for a loan modification.  Doc. 38 at 12.  Moreover, as noted above, a subsequent
22  letter sent only two weeks later explicitly warned Plaintiff that Defendant "will not delay
23  foreclosure action on your home."  *Id.* at 12.

24  While the property ultimately was foreclosed upon, any promise on the part of
25
26
27  [2]Because the letters are central to the fraud claims, and because their authenticity is
    not contested, the parties agree that the Court properly may consider the documents in
28  deciding the motion to dismiss without converting the motion to one for summary judgment.
    Docs. 40 at 4 n.2, 45 at 5; *see Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005)
    (explaining how this Circuit has "extended the 'incorporation by reference' doctrine").

1    Defendant to "work with" with Plaintiff to avoid foreclosure (Doc. 38 at 3) cannot

2    reasonably be construed as a false representation given the extensive correspondence

3    between the parties concerning a possible loan modification and the multiple warnings that

4    foreclosure action would not be delayed while the parties attempted to work out a

5    modification (Doc. 45-1 at 3, 6, 12).  *See Vida v. OneWest Bank, F.S.B.*, No. 10-987-AC,

6    2010 WL 5148473, at *8 (D. Or. Dec. 13, 2010) (dismissing fraud claim where the

7    representations alleged in the complaint did not guarantee that the plaintiff's property would

8    not be foreclosed upon); *Chace v. Wells Fargo Home Mortg.*, No. CV-09-203-S-BLW, 2010

9    WL 300425, at *2 (D. Idaho Jan. 20, 2010) (finding fraud claim insufficient where the parties

10   had not entered into a loan modification agreement).

11       Moreover, even if Defendant's representation that it would work with Plaintiff to

12   avoid foreclosure were found to be false, the complaint fails to allege the "essential element"

13   of justifiable reliance.  *In re Gorilla Companies, LLC*, 454 B.R. 115, 118 (D. Ariz. 2011);

14   *Linder v. Brown & Herrick*, 943 P.2d 758, 765 (Ariz. Ct. App. 1997).  Count one alleges that

15   Plaintiff "relied upon the representation" (Doc. 38 at 4), but includes no factual allegations

16   showing that any such reliance was justifiable.  Plaintiff alleges in count eleven that had she

17   known her house could be foreclosed upon, she would have refinanced the loan and kept the

18   house.  Doc. 38 at 12.  Plaintiff also claims to have lost the right to utilize the bankruptcy

19   process to try to save her home.  Doc. 45 at 9.

20       Given the absence of an affirmative promise not to foreclose, and the explicit

21   warnings that foreclosure action would not be delayed (Doc. 45-1 at 3, 6, 12), Plaintiff's

22   belief that "there was no foreclosure action active" (Doc. 38 at 4) was not justified.  This is

23   true even if Plaintiff had reason to believe that "there was [a] loan modification started"

24   (Doc. 38 at 11).  *See Stolba v. Wells Fargo & Co.*, No. 10-cv-6014 (WJM)(MF), 2011 WL

25   3444078, at *4-5 (D.N.J. Aug. 8, 2011) (fraud claim failed for lack of reasonable reliance

26   where the loan modification was conditional rather than permanent); *Phipps v. Wells Fargo

27   Bank, N.A.*, No. CV F 10-2025 LJO SKO, 2011 WL 302803, at *15 (E.D. Cal. Jan. 27, 2011)

28   (the complaint's lack of allegations that the defendants had represented to the plaintiff he was

"entitled" to a loan modification "doom[ed] a claim sounding in fraud"); *Ahmed v. Wells Fargo Bank & Co.*, No. C 11-0436, 2011 WL 1751415, at *5 (N.D. Cal. May 9, 2011) (dismissing fraud claim where the complaint contained no facts showing that the plaintiff "justifiably" relied on alleged misrepresentations that his loan would be modified and the foreclosure action cancelled).

To the extent Plaintiff claims that she was fraudulently induced to make mortgage payments during the loan modification process, "the money [she] paid was already owed to Defendant[.]"  *Narramore v. HSBC Bank USA, N.A.*, No. 09-653-TUC-CKJ, 2010 WL 2732815, at *9 (D. Ariz. July 7, 2010).  Plaintiff therefore can allege no injury for those payments.  *See id.*; *Swanson v. GMAC Mortg., LLC*, No. 11-944 (DSD/JSM), 2012 WL 1110549, at *5 (D. Minn. Apr. 3, 2012) (dismissing fraud claim where the plaintiff had a preexisting legal duty to make monthly loan payments).

Defendant argues, correctly, that any fraud claim based on an oral promise to modify the loan (*see* Doc. 38 at 4, 12) is barred by the statute of frauds, A.R.S. § 44-101.  Doc. 40 at 10-11.  The statute of frauds expressly covers agreements "for the sale of property or an interest therein," A.R.S. § 44-101(6), which including mortgages. *See Schrock v. Fed. Nat'l Mortg. Ass'n*, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *4 (D. Ariz. Aug. 3, 2011). It is well settled that with respect to mortgage loans, "a loan modification agreement which operates to modify the original loan falls within the statute of frauds."  *Wilson v. GMAC Mortg. LLC*, No. CV 11-00546-PHX-FJM, 2012 WL 780813, at *4 (D. Ariz. Mar. 9, 2012); *see Hunter v. CitiMortgage, Inc.*, No. CV 11-01549-PHX-FJM, 2011 WL 4625973, at *4 (D. Ariz. Oct. 5, 2011); *Leavitt v. Wells Fargo Bank, N.A.*, No. CV-09-214-PHX-JAT, 2009 WL 1178708, at *2 (D. Ariz. May 1, 2009).  In order to be enforceable, an agreement that falls within the statute of frauds must be in writing, must be signed, and must state with "reasonable certainty" the essential terms.  *Wilson*, 2012 WL 780813, at *4.  Defendant's alleged oral representation concerning a loan modification clearly does not meet those requirements.  Under the statute of frauds, therefore, Plaintiff can assert no actionable claim for fraud based on the alleged oral representation.  A.R.S. § 44-101.

1    Plaintiff does not dispute that she defaulted on her mortgage loan.  Nor does she

2    dispute that Defendant had no legal obligation to modify the loan and withhold foreclosure

3    action.  While Defendant represented to Plaintiff that it would work with her on a loan

4    modification in an effort to avoid foreclosure, the complaint's well-pled factual allegations,

5    even when liberally construed, do not show that representation to be fraudulent.  Because the

6    allegations do not possess enough "heft" under *Twombly* to permit the Court to infer more

7    than the mere possibility of fraud, the complaint has alleged – but it has not shown – that

8    Plaintiff is entitled to relief.  550 U.S. at 557; *see Iqbal*, 556 U.S. at 662; Fed. R. Civ. P.

9    8(a)(2).  Counts one and nine will be dismissed.

10   **III.    Count Two – HUD Loan Requirements.**

11   Plaintiff alleges in count two that Defendant failed to comply with Department of

12   Housing and Urban Development ("HUD") loss mitigation regulations purportedly requiring

13   lenders to enter into loan modifications or otherwise prevent foreclosure.  Doc. 38 at 4-5

14   (citing 24 C.F.R. § 203.605).  Defendant argues that HUD regulations deal exclusively with

15   the relations between the mortgagee and the government and therefore provide no private

16   right of action for mortgagors.  Doc. 40 at 5.  Defendant is correct.

17   Courts have routinely held that HUD regulations promulgated under the National

18   Housing Act, 12 U.S.C. § 1701 *et seq.*, "do not provide a claim to the mortgagor for duty

19   owed or for the mortgagee's failure to follow the regulations."  *McHatten v. Chase Home*

20   *Fin. LLC*, No. CV 03-1094-PCT-EHC, 2010 WL 3882587, at *6 (D. Ariz. Sept. 29, 2010)

21   (citing *Roberts v. Cameron-Brown Co.*, 556 F.2d 356, 360-61 (5th Cir. 1977)); *see Talton*

22   *v. BAC Home Loans Servicing LP*, --- F. Supp. 2d ----, 2012 WL 855975, at *12 (E.D. Mich.

23   Mar. 7, 2012) ("there is no private right of action for breach of HUD's mortgage servicing

24   policies") (citing *Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 193 (6th Cir. 1989));

25   *Scocca v. Cendant Mortg. Corp.*, No. Civ.A 04-704, 2004 WL 2536837, at *1 (E.D. Pa.

26   Nov. 9, 2004) ("there is no private right of action against a mortgagee based on alleged

27   violations of [HUD rules]"); *Wells Fargo Bank, N.A. v. Favino*, No. 1:10 CV 571, 2011 WL

28   1256771, at *12 (N.D. Ohio Mar. 31, 2011) (finding no private right of action available to

1  a mortgagor for a mortgagee's noncompliance with the National Housing Act or breach of

2  HUD regulations).

3       Citing *Cort v. Ash*, 422 U.S. 66 (1975), Plaintiff contends that four factors should be

4  considered to determine whether a private right of action should be implied: (1) whether the

5  plaintiff is part of the class for whose special benefit the statute was enacted, (2) whether

6  there is legislative intent to create a private right of action, (3) whether implication of such

7  remedy is consistent with the legislative scheme, and (4) whether the remedy is one

8  traditionally relegated to state law.  Plaintiff asserts that the *Cort* factors weigh in favor of

9  implying a private right of action under HUD regulations (Doc. 45 at 10), but presents no

10  legal authority or analysis in support of this assertion.

11       The Court finds persuasive the cases holding that HUD regulations "govern relations

12  between the mortgagee and the government, and give the mortgagor no claim for duty owed

13  or for the mortgagee's failure to follow said regulations."  *Fantroy v. Countrywide Home*

14  *Loans, Inc.*, No. 3:06-CV-1889-K, 2007 WL 2254941, at *2 (N.D. Tex. July 24, 2007)

15  (citing cases).  Plaintiff's claim for an alleged failure to follow HUD loan requirements will

16  be dismissed.  *See id.*; *City of Rohnert Park v. Harris*, 601 F.2d 1040, 1045-47 (9th Cir.

17  1979) (finding under the *Cort* factors that the plaintiff had no private right of action to sue

18  for alleged violations of the National Housing Act or HUD regulations).

19  **IV.    Count Three – Foreclosing Without Due Course.**

20       Citing the Uniform Commercial Code generally, Plaintiff alleges in count three that

21  lenders may carry out a foreclosure only where it is in due course, and this requires lenders

22  to "show how they took possession of the mortgage note and from whom[.]" Doc. 38 at 6.

23  The claim will be dismissed to the extent it is premised on the so-called "show me the note"

24  theory.  Arizona's non-judicial foreclosure statute, A.R.S. § 33-807, does not require

25  presentation of the original note before commencing foreclosure proceedings.  *See Hogan*

26  *v. Wash. Mut. Bank, N.A.*, 261 P.3d 445, 448 (Ariz. Ct. App. 2011).  The "show me the note"

27  theory "'has been routinely rejected by district courts throughout the Ninth Circuit.'"

28  *Del Piano v. MERS, Inc.*, No. 11-00140 SOM/BMK, 2012 WL 621975, at *10 (D. Haw.

Feb. 24, 2012) (citation omitted); *Diessner v. MERS*, 618 F. Supp. 2d 1184, 1187 & n.15 (D. Ariz. 2009) (citing cases); *see also Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 WL 1030115, at *5 (W.D. Va. Mar. 27, 2012) (noting that "'courts have routinely rejected the theory' otherwise know as the 'show me the note' theory, which began 'circulating through courts across the country in 2009") (citations and alterations omitted).

In her response, Plaintiff claims that the allegations of count three can be read to assert that Defendant "had to have a perfected legal interest and properly recorded assignments to be able to exercise the right to sell under the deed of trust." Doc. 45 at 11. But even if this were true, the complaint does not allege facts showing that Defendant has no perfected legal interest in the underlying note and deed of trust or has failed to comply with recording requirements.

In short, the complaint fails to state a plausible claim for foreclosing without due course. The Court will dismiss count three.

**V.      Count Four – Inaccurate Accounting and Billing Errors.**

In count four, Plaintiff seeks an order requiring Defendant to provide a complete accounting of the loan payment history and to "show how the loan was assigned [and] when it was assigned." Doc. 38 at 6. Plaintiff asserts that a mortgage servicer who obtains the loan while it is in default is subject to the Fair Debt Collections Practices Act ("FDCPA") as a "debt collector." *Id.*

Defendant, among other things, argues that it is not a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a. Doc. 40 at 7. Plaintiff does not refute this argument in her response.

Instead, she attempts to recast count four as a "tortious breach of accounting duties under state law." Doc. 45 at 12. But Plaintiff cites no legal authority showing that Arizona has recognized that purported tort claim as a viable cause of action. Nor does the complaint allege any tortious accounting or billing practices on the part of Defendant. Count four will be dismissed for failure to state a claim for relief.

**VI.      Count Five – Constructive Fraud.**

Plaintiff asserts in count five a constructive fraud claim based on a purported "grossly inadequate" sale price and an alleged conflict of interest.   Doc. 38 at 7-8. "Constructive fraud is 'a breach of legal or equitable duty which, without regard to moral guilt or intent of the person charged, the law declares fraudulent because the breach tends to deceive others, violates public or private confidences, or injures public interests.'"  *Dawson v. Withycombe*, 163 P.3d 1034, 1057 (Ariz. Ct. App. 2007) (citation omitted).  The claim requires "a fiduciary or confidential relationship, and the breach of the duty must induce justifiable reliance to the other party's detriment."  *Fromkin v. Indymac Bank FSB*, No. 10-CV-8014-PCT-PGR, 2010 WL 2541167, at *7 (D. Ariz. June 18, 2010).

Plaintiff's constructive law claim fails because the "relationship between a bank and an ordinary customer normally does not give rise to a fiduciary duty."  *Kincaid v. Wells Fargo Bank, N.A.*, No. CV-10-579-PHX-DGC, 2010 WL 2899058, at *4 (D. Ariz. July 22, 2010) (citing *McAlister v. Citibank (Arizona)*, 829 P.2d 1253, 1258 (Ariz. Ct. App. 1992)); *see Teaupa v. U.S. Nat'l Bank N.A.*, --- F. Supp. 2d ----, 2011 WL 6749813, at *13 (D. Haw. Dec. 22, 2011) ("Lenders generally owe no fiduciary duties to their borrowers.").  Plaintiff has alleged no facts suggesting that she had any type of special relationship with Defendant that would give rise to a fiduciary duty.  Nor has Plaintiff alleged facts showing that she justifiably relied to her detriment on any breach of duty on the part of Defendant.

With respect to the property's sale price, Arizona courts have held that "a price of twenty percent or less of fair market value is generally considered a grossly inadequate price."  *First Am. Title Ins. Co. v. Action Acquisitions, LLC*, 187 P.3d 1107, 1112 (Ariz. 2008) (citing *Krohn v. Sweetheart Props., Ltd.*, 52 P.3d 774, 782 (Ariz. 2002)).  In this case, the sale price of $126,000 constitutes 66% of the property's alleged $190,000 fair market value – an amount more than three times higher than what Arizona courts have found to be a "grossly inadequate price."  *See id.*  Because Plaintiff has alleged no facts showing that the $126,000 sale price deprived her of "substantive fairness," she has stated no claim for relief on the ground of grossly inadequate price.  *Id.*

Plaintiff asserts in her response that the substitution of trustees within the same law firm, and a firm employee's signing of the notice of assignment on behalf of MERS, show that "apparent conflicting dual roles and agency relationships were concealed or not disclosed." Doc. 45 at 14. But these factual allegations are found nowhere in the complaint. Nor does Plaintiff cite legal authority showing that they give rise to a cause of action.

In summary, the complaint fails to state a claim for constructive fraud based on a breach of fiduciary duty, a grossly inadequate sale price, or a conflict of interest. Count five will be dismissed.

## VII.  Count Six – Failure to Follow Notice Requirements.

Plaintiff alleges in count six that she was deprived of her right to reinstate the loan because no notice was sent 20 days before the sale and recorded 14 days before the sale. Doc. 38 at 9. Defendant notes, correctly, that there are no such requirements under Arizona's non-judicial foreclosure statutes, A.R.S. §§ 33-808(A) and 33-809(C).  Doc. 40 at 8-9. Plaintiff cites no legal authority suggesting that Arizona's non-judicial foreclosure statutes, or the notice of trustee's sale provided in this case, deprived her of property in violation of "the fundamental principles of procedural due process." Doc. 38 at 9.  The Court will dismiss count six.

## VIII.  Count Seven – Produce the Original Note.

This claim (Doc. 38 at 9-11) seeks to set aside the trustee's sale for same reasons alleged in count three, that is, foreclosing without due course. Plaintiff asserts that "[w]ithout possession of the original wet-ink note, or proof of authentic and valid assignment of rights of the holder of the original wet-ink note, no foreclosure action can be sustained." Doc. 38 at 10.  Even if Defendant was without possession of the original note, Plaintiff's "wet ink" claim is not well grounded in Arizona law.  *See* A.R.S. § 33-807; *Hogan*, 261 P.3d at 448. As explained more fully above, courts in this Circuit and others have rejected the "show me the note" theory.  *See Diessner*, 618 F. Supp. 2d at 1187 & n.15; *Blick*, 2012 WL 1030115, at *5 (noting that "wet ink" claims have been routinely rejected by the courts).  In short, the "produce the original note" claim asserted in count seven will be dismissed for the same

1    reasons count three will be dismissed.

2    **IX.     Count Eight – MERS.**

3          Mortgage Electronic Registration Systems, Inc. ("MERS") was created by the real

4    estate mortgage industry to streamline the mortgage process.  MERS contracts with lenders

5    and other entities to track security instruments and ownership interests in residential

6    mortgages.  Generally, and in this case (Doc. 40-2), MERS is named as the beneficiary to the

7    deed of trust solely as the nominee for the lender and its successors and assigns.  *See*

8    www.mersinc.org/about/index.aspx (last visited April 26, 2012); *Cervantes v. Countrywide*

9    *Home Loans*, 656 F.3d 1034, 1038-39 (9th Cir. 2011).

10         Citing various bankruptcy court and state court cases, Plaintiff asserts in count eight

11   that MERS, as nominee or beneficiary on the deed of trust, lacked standing to assign the

12   document to Defendant.  Doc. 38 at 11 (citing *In re Hwang*, 396 B.R. 757 (Bankr. C.D. Cal.

13   2008); *In re Vargas*, 396 F.R. 511 (Bankr. C.D. Cal. 2008); *MERS v. Sw. Homes of Ark.*, 301

14   S.W.3d 1 (Ark. 2009); *Landmark v. Kessler*, 216 P.3d 158 (Kan. 2009)).  But even if this

15   were true, Plaintiff is merely an "uninvolved and unaffected" third-party borrower.  *In re*

16   *MERS Litig.*, No. CV 10-1547-PHX-JAT, 2012 WL 932625, at *3 (D. Ariz. Mar. 20, 2012).

17   She therefore "lacks standing to challenge MERS's assignment of the deed of trust to Wells

18   Fargo because she was not a party to the assignment."  *James v. Wells Fargo Bank, N.A.*,

19   No. 3:11-CV-2228-B, 2012 WL 778510, at *2 (N.D. Tex. Mar. 12, 2012); *see Rosenhaft v.*

20   *BAC Home Loans Servicing, LP*, No. 1:11-CV-2519-TWT, 2012 WL 484842, at *2 (N.D.

21   Ga. Feb. 14, 2012); *Conlin v. MERS, Inc.*, No. 11-15352, 2011 WL 6440705, at *2 (E.D.

22   Mich. Dec. 16, 2011).

23         Moreover, MERS, as beneficiary and nominee for the lender and its successors and

24   assigns, "had authority to assign the deed of trust to Defendant, and Defendant had authority

25   to proceed with a non-judicial foreclosure."  *James*, 2012 WL 778510, at *3.  The cases cited

26   by Plaintiff (Doc. 38 at 11) do not require a different result.  *See Teaupa v. U.S. Nat'l Bank*

27   *N.A.*, --- F. Supp. 2d ----, 2011 WL 6749813, at *16 (D. Haw. Dec. 22, 2011) (noting that in

28   affirming dismissal of a claim for conspiracy to commit fraud through the MERS system, the

1  Ninth Circuit gave no indication in *Cervantes* that "MERS was wrongfully 'designed to
2  circumvent the laws' or that assignments via the MERS system are illegal").

3      In summary, count eight – that is, the challenge to the validity of the MERS
4  assignment in this case – will be dismissed.

5  **X.      Counts Ten Through Fifteen and Count Seventeen.**

6      Plaintiff does not oppose dismissal of these claims.  Doc. 45 at 17.  The motion to
7  dismiss will be granted in this regard.  *See* Doc. 40 at 11-17.

8  **XI.     Count Sixteen – Securitization Fraud.**

9      According to Plaintiff, count sixteen alleges that "the mortgage and securitization
10 process at issue here, whereby notes and deeds of trust were split, bundled, collateralized and
11 pooled, . . . resulted in fraud" and "deceptively deprived Plaintiff from being able to ascertain
12 who owns the note sold to her[.]"  Doc. 45 at 17.  The Court agrees with Defendant (Doc. 46
13 at 11) that the allegations of count sixteen fail to meet the particularity requirement of
14 Rule 9(b) and do not otherwise state a plausible claim for relief.  The claim therefore will be
15 dismissed.

16 **XII.    Motion to Dismiss Conclusion.**

17     The Court recognizes that foreclosure is a terrible event for the homeowner and that
18 institutional problems in the foreclosure process have plagued the housing industry.  In order
19 to survive dismissal under Rule 12(b)(6), however, the amended complaint must contain
20 "enough facts to state a claim to relief that is plausible on its face," *Twombly*, 50 U.S. at 570,
21 and otherwise satisfy the pleading requirements of Rules 8(a) and 9(b).  Even when construed
22 liberally in Plaintiff's favor, the amended complaint fails to meet this standard.  The motion
23 to dismiss will be granted.  Given this ruling, the Court need not consider Defendant's
24 argument that A.R.S. § 33-811(C) bars Plaintiff's claims.  Doc. 40 at 2-3.[3]

25

26

27     [3]Plaintiff's request for the Court to take judicial notice of agency findings and reports
   (Doc. 45 at 2) is denied as the materials are not integral to the claims asserted or otherwise
28 necessary to resolution of the motion to dismiss.  *See Phillips v. BAC Home Loans Servicing,
   LP*, No. 10-00272 DAE-LEK, 2010 WL 5146433, at *11 n.19 (D. Haw. Dec. 13, 2010).

**XIII.   Leave to Amend.**

Plaintiff notes, correctly, that leave to amend generally should be given where the proposed amendment would not be futile.  Doc. 45 at 4; *see* Fed. R. Civ. P. 15(a)(2).  Plaintiff has had multiple opportunities to amend her complaint and state a valid claim for relief. *See* Doc. 1-1 at 22, 28-29, 62, 115; Doc. 38.  Plaintiff has not shown, and the Court does not otherwise find, that the pleading deficiencies can be cured through further amendment.  The Court will exercise its discretion and deny leave to amend as futile and for Plaintiff's "repeated failure to cure deficiencies by amendments previously allowed[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by amendment); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) ("futility of amendment alone can justify denial of a motion [to amend]").

**IT IS ORDERED:**

1.      Defendant's motion to dismiss the amended complaint (Doc. 40) is **granted**.

2.      The request for leave to amend and to dismiss claims without prejudice is **denied**.

3.      The claims asserted in the amended complaint (Doc. 38) are **dismissed** with prejudice.

4.      The Clerk is directed to enter judgment accordingly.


DATED this 26th day of April, 2012.


_____
**Frank R. Zapata**
**Senior United States District Judge**