**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Anne Mercy Kakarala, | No. 10-CV-00208-TUC-FRZ |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, *et al.*, | |
| Defendants. | |

Plaintiff filed an Amended Complaint that alleges three causes of action: (1) deprivation of the Right to Due Process of Law protected by the Fourteenth Amendment; (2) Breach of Contract; and (3) violation of the Fifth Amendment. *See* Doc. 85 at pgs. 21–24.

Defendant Wells Fargo has filed a Motion to Dismiss which argues that Plaintiff has completely failed to state a claim for redress. *See* Doc. 87 at pg. 17.

Relevant to this case,[1] the Fourteenth Amendment of the Constitution states that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."[2]

---

[1] *See*, *e.g.*, *U.S.A. v. Bradbury*, No. 16-1532 (7th Cir. February 16, 2017) (Posner, J.) (providing only the relevant text of a statute "so far as relates to this case"); *see also*, *Prigg v. Com. of Pennsylvania*, 41 U.S. 539, 610 (1842) (Story, J.) (explaining "in the exposition of this part of the constitution, we shall limit ourselves to those considerations which appropriately and exclusively belong to it, without laying down any rules of interpretation of a more general nature").

[2] U.S. Con. Amendment XIV.

The law further states: "Every person who, under color of any statute [] of any State [] subjects, [] any [] person within the jurisdiction [] to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in [any] proper proceeding for redress."[3]

The Supreme Court has construed this written language to contain a "state action" requirement.[4] And Defendant claims that none of Wells Fargo's[5] actions alleged in the Complaint can be adequately attributable to the State of Arizona for Plaintiffs to recover under this construction.[6]

This Court agrees. Plaintiff has not adequately pled that any of Well Fargo's actions in the Complaint were "attributable to the State of Arizona".[7] The Supreme Court has stated that in claims for redress under the language codified at 42 U.S.C. § 1983, Plaintiffs must show: (1) that "they have been deprived of a right 'secured by the Constitution and the laws' of the United States' "; and (2) that Defendants "deprived them of this right acting 'under color of any statute' of the State".[8]

---

[3] 42 U.S.C. 1983.

[4] *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978) (Rehnquist, CJ.)  ("Here, [Plaintiffs] allege that [Defendant] has deprived them of their right, secured by the Fourteenth Amendment, to be free from state deprivations of property without due process of law. Thus, they must establish not only that [Defendant] acted under color of the challenged statute, but also that its actions are properly attributable to the State [].").

[5] *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 683 (1978) (Brennan, J.) ("An examination of the debate on § 1[983] and application of appropriate rules of construction show unequivocally that § 1[983] was intended to cover legal as well as natural persons.").

[6] *Flagg Bros.* at pg. 155, n. 4 (1978) (Rehnquist, CJ.) (reminding that "[e]ven if there is 'state action,' the ultimate inquiry in a Fourteenth Amendment case is, of course, whether that action constitutes a denial or deprivation *by the State* of rights that the Amendment protects.") (emphasis added).

[7] S*ee Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (Souter, J.) ("What is fairly attributable is a matter of normative judgment, and the criteria lack rigid simplicity.").

[8] *Flagg Bros.* at pg. 155; *see also*, *Monroe v. Pape*, 365 U.S. 167, 184 (1961) (Douglas, J.) (stating that "[w]e are not dealing with constitutional interpretations which throughout the history of the Court have wisely remained flexible and subject to frequent re-examination [rather t]he meaning which the [Court's] case gave to the phrase 'under color of any law' involved only

Here, Plaintiff alleged that Defendant deprived Plaintiff of property and Rights secured by the Fourteenth Amendment to the Constitution of the United State of America[9] and state law[10] — "under the color of" Arizona Revised Statutes[11] — when Defendant sold Plaintiff's home in a "non-judicial foreclosure trustee sale process held on state [] property without adequate notice and without the opportunity to seek a court hearing and injunction due to Wells Fargo's affirmative conduct." *See* Doc. 85 at pg. 17.

Defendant cites, *inter alia*,[12] *Apao v. Bank of N.Y.*[13] for the proposition that

---

a construction of the statute") *overruled insofar as it holds that local governments are wholly immune from suit under § 1983 by Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978) (Brennan, J.).

[9] *See, e.g., Shelley v. Kraemer*, 334 U.S. 1, 10 (1948) (Vinson, CJ.) ("It cannot be doubted that among the civil rights intended to be protected from [] state action by the Fourteenth Amendment are the rights to acquire, enjoy, own and dispose of property. Equality in the enjoyment of property rights was regarded by the framers of that Amendment as an essential pre-condition to the realization of [] basic civil rights and liberties which the Amendment was intended to guarantee.").

[10] *See* Ariz. Rev. Stat. Ann. § 33-808(A) ("The trustee shall give written notice of the time and place of sale legally describing the trust property to be sold by each of the following methods . . . ."); *see also, id.* at 808(F) ("The notice of trustee sale may not be rerecorded for any reason. This subsection does not prohibit the recording of a new or subsequent notice of sale regarding the same property.").

[11] Specifically, A.R.S. 33-801 *et. seq.*, which creates a state "statutory scheme [] designed to provide expeditious foreclosure sales." *Sec. Sav. & Loan Ass'n v. Fenton*, 167 Ariz. 268, 270 (Ct. App. 1990) (Howard, J.); *see further, California Teachers Ass'n v. State Bd. of Educ.*, 271 F.3d 1141, 1146 (9th Cir. 2001) ("We recognize that it is solely within the province of the state courts to authoritatively construe state legislation."); *see also, Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 934 (1982) (White, J.) ("To read the 'under color of any statute' language of the Act in such a way as to impose a limit on those Fourteenth Amendment violations that may be redressed by the § 1983 cause of action would be wholly inconsistent with the purpose of § 1 of the Civil Rights Act of 1871, 17 Stat. 13, from which § 1983 is derived.").

[12] Defendants also cited several cases in violation of the rules proscribed by Our Legal System. *See, e.g.*, Doc. 87 at pg. 7 (citing *Banks v. Bank of Commerce*, 145 F.3d 1336 (9th Cir. 1998) ("This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.")); *see also*, Circuit Rule 36-3(c) in *the Federal Rules of Appellate Procedure Ninth Circuit Rules* ("Unpublished dispositions and orders of this Court issued before January 1, 2007 may not be cited to the courts of this circuit").

[13] 324 F.3d 1091 (9th Cir. 2003) (affirming a "district court dismiss[ing] a case for failure to state a claim because the sale [in that matter] was a purely private remedy and involved no state action").

- 3 -

"[Defendant], and other national banks, cannot be state actors by using state foreclosure procedures"[14] — as a matter of law.[15]

But in *Apao* the Ninth Circuit was resolving an "action in federal district court challenging [a state's non-judicial foreclosure] statute as violating the due process clause of the Fourteenth Amendment" and in that matter all of Defendants' actions had been authorized under Hawaii's non-judicial foreclosure statute.[16]

Ultimately, "this case is distinguishable, and Defendant has not presented any cases that address the specific situation applicable in this case."[17]

In this case, Plaintiff further alleges that Defendant's actions under the color of the State of Arizona's Statutes — exercised Legal Force in violation of Plaintiff's constitutional Rights protected by the law — and those actions, in violation of the statute, constituted a state cause of action for Breach of Contract which resulted in the unjust deprivation of property[18] and without the constitutional Due Process of Law.[19]

---

[14] Doc 91 at pg. 2.

[15] Doc. 87 at pg. 17 ("Wells Fargo is not a state actor as a matter of law"); *but see*, *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 174 (1970) (Harlan, J.) ("Any notion that a private person is necessarily immune from liability under § 1983 because of the 'under color of' requirement of the statute was put to rest by our holding in *United States v. Price*."); and *Charlotte, C. & A.R. Co. v. Gibbes*, 142 U.S. 386, 391 (1892) (Field, J.) ("Private corporations are persons, within the meaning of the [Fourteenth] amendment. It has been so held in several cases by this court.").

[16] *See Apao* at pg. 1093 (citing *Fuentes v. Shevin*, 407 U.S. 67 (1972) (Stewart, J.) (resolving "whether [two State's] statutory procedures violate the Fourteenth Amendment's guarantee that no State shall deprive any person of property without due process of law" and holding there is "deprivation of property without due process of law insofar as they deny the right to a prior opportunity to be heard before [properties] are taken from their possessor.")).

[17] *Martinez v. Cenlar FSB*, No. 13-CV-589 (D. Ariz., September 3, 2014) (Jorgenson, J.); *see also*, Bryan Gardner, *et. al.*, *The Law of Judicial Precedent*, A. THE NATURE AND AUTHORITY OF JUDICIAL PRECEDENTS, *8. DISTINGUISHING CASES*, at pgs. 97-104 (2016) (quoting Justice Samuel F. Miller: "the convincing power of the opinion or decision in a reported case must depend very largely on the force of the reasoning by which it is supported, and of this [] every court must of necessity be its own judge.").

[18] Doc. 85 at pgs. 22-23 (alleging Defendant "pursu[ed] a trustee's sale in violation of the terms of the contracts and in violation of applicable statutes and law, and in violation of the applicable federal restrictions incorporated into the contracts with the Plaintiff").

- 4 -

The Complaint alleges a contractual relationship existed between Plaintiff and Defendant Wells Fargo under which Wells Fargo *expressly* limited its ability to take legal action to abridge Plaintiff's property rights based on regulations issued by the United States Secretary of Housing and Urban Development.[20]

Defendants argue that Plaintiff fails to state a claim for redress because "there is no independent cause of action for violating HUD regulations." Doc. 87 at pg. 11. But Plaintiff is not stating a cause of action for violating HUD regulations; rather, Plaintiff is stating a state law claim for breach of contract, alleging Wells Fargo violated an express, written contract.[21]

---

[19] *Id.* at pg. 24 (alleging "Defendant's intentional conduct [] deprived Plaintiff of [] property in violation of the federal Due Process protections of the Fifth Amendment, and in violation of the federally guaranteed prohibition against depriving property without due process of law").

[20] *See* Doc. 85-3 at pgs. 5-8 (alleging a valid contract that states: "[Wells Fargo] may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if [Plaintiff] defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment . . . . *Regulations of HUD Secretary*. In many circumstances regulations issued by the Secretary will limit [Wells Fargo's] rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary . .   . . *Foreclosure Procedure*. If [Wells Fargo] requires immediate payment in full under paragraph 9, [Wells Fargo] may invoke the power of sale and any other remedies permitted by applicable law. [Wells Fargo] shall be entitled to collect all expenses incurring in pursuing the remedies provided in this paragraph 18, including by not limited to, reasonable attorneys' fees and cost of title evidence. If [Wells Fargo] invokes the power of sale, [Wells Fargo] shall give written notice to Trustee of the occurrence of an event of default and of [Wells Fargo's] election to cause the Property to be sold. Trustee shall record a notice of sale in each county in which any part of the Property is located and shall mail copies of the notice as prescribed by applicable law to [Plaintiff] and to the other persons prescribed by applicable law.").

[21] *Johnson v. World All. Fin. Corp.*, 830 F.3d 192, 196 (5th Cir. 2016) ("HUD regulations do not give the borrower a private cause of action unless the regulations are expressly incorporated into the lender-borrower agreement.") (citing *Smith v. JPMorgan Chase Bank, N.A.*, 519 Fed.Appx. 861 (5th Cir. 2013) (holding that federal statutes and regulations can form the basis of a breach of contract claim if expressly incorporated into the contract); *see also*, *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 581 (7th Cir. 2012) (Hamilton, J) ("The absence of a private right of action from a federal statute provides no reason to dismiss a claim under a state law just because it refers to or incorporates some element of the federal law.").

1     For this Breach of Contract claim to survive a Motion to Dismiss,[22] the law

2     requires that "Plaintiffs must allege 'the existence of a contract, the terms of the contract

3     that Defendant has breached, and the damages suffered from that breach.' ".[23]

4     Here, Plaintiff has *plausibly* alleged a claim for relief under the applicable

5     standards to adjudicate a Motion to Dismiss for failure to state a claim.[24]

6     Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss (Doc. 87) is

7     GRANTED (in-part) and DENIED (in-part). Plaintiff's Complaint adequately states a

8     cause of action for a state law Breach of Contract claim against Defendant Wells Fargo.[25]

9     But Plaintiff has crucially failed to *adequately* allege that any of Wells Fargo's actions

10    that rendered it liable for redress under the law as codified at 42 U.S.C. § 1983 in the

11    Complaint were "attributable to the State of Arizona".[26]

12

13
14      [22] *See* Doc. 90 at pgs. 4-5 (acknowledging that "the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case").

15
16      [23] *Weisman v. Capital One NA*, No. CV-15-00657 (D. Ariz. Feb. 12, 2016) (Snow, J.)
17    (citing *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1183 (D. Ariz. 2012) (Teilborg, J.) (expounding the plausibility standard for a Breach of Contract claim to survive a motion to dismiss)); *see further*, *Caldwell v. U.S.A.*, 17-CV-9 (D. Ariz. January 9, 2017)
18    (adjudicating the plausibility of a claim based on "judicial experience and common sense") (quoting *Eagle Eye v. Faader*, 16-CV-103 (D. Ariz. September 1, 2016) (establishing the
19    *Twombly/Iqbal* standard as governing Motions to Dismiss)).

20      [24] *See* Doc. 85; *see also*, *Kakarala v. Wells Fargo Bank, N.A.*, 10-CV-208 (D. Ariz., August 3, 2016) (finding that Plaintiff had "alleged a plausible cause of action"); *see further*,
21    *Brentwood Acad.*, at pg. 305 (Souter, J.) (explaining when adjudicating a motion to dismiss "the issue here is merely whether [Plaintiff] properly names the [party as a] defendant, not whether it
22    should win on its claim").

23      [25] *See Hunter v. CitiMortgage, Inc.*, No. CV 11-01549 (D. Ariz. Oct. 5, 2011) (Martone,
24    J.) (holding that A.R.S. "Section 33–811(C) does not prevent plaintiffs from asserting claims for relief independent of voiding the trustee sale") (citing *Woods v. BAC Home Loans Servicing LP*,
25    CV–10–723 (D. Ariz. July 15, 2011) (Snow, J.) ("While the statute specifies that all objections and defenses to the sale are waived, it apparently does not prevent Plaintiffs from pursuing such
26    other claims as they may have against the moving Defendants to the extent those other claims seek relief that is not dependent upon the voiding of the sale.")).

27      [26] *See Brentwood Acad*. at pg. 315 (Thomas, J., dissenting) ("The state-action doctrine
28    was developed to reach only those actions that are truly attributable to the State, not to subject private citizens to the control of federal courts hearing § 1983 actions.").

IT IS FURTHER ORDERED that Plaintiff's claims in the Amended Complaint are not barred by res judicata and the law of the case;[27] nor are Plaintiff's claim time-barred as the claims for redress were properly before this Court within the statute of limitations.[28]

IT IS FURTHER ORDERED that — pursuant to Rule 16 of the Federal Rules of Civil Procedure — **a Pretrial Scheduling Conference will be held telephonically** with the Judge's law clerk, Alexander F. Ball**, on Wednesday, April 26, 2017 at 10:00 a.m.** Counsel must consult the relevant "Rules" of Civil Procedure and **at least one attorney for each party attending the Conference must have authority to enter into stipulations and make admissions regarding all matters** which may be discussed.[29]

**IT IS FURTHER ORDERED** that — pursuant to Rule 26(f) of the Federal Rules of Civil Procedure — counsel must confer at least 21 days prior to the Pretrial Conference to discuss the following matters:

1.    Any matters related to jurisdiction, venue, or joinder;

2.    Discovery;[30]

3.    Initial Disclosures;[31]

---

[27] *See The Law of Judicial Precedents*, D. LAW OF THE CASE, *59. EXCEPTIONS TO LAW OF THE CASE*, at pgs. 480–489 ("If applying the doctrine would lead to a clearly erroneous result and, if uncorrected, would work a serious injustice, the policy justifications of the doctrine yield to interest of justice, and courts decline to apply the former decision.").

[28] *See Kakarala v. Wells Fargo Bank, N.A.*, 10-CV-208 (D. Ariz., August 3, 2016) (acknowledging that Plaintiff's claims for redress were never adjudicate on the merits and related back to Plaintiff's original *pro se* Complaint); *Cesal v. Moats*, No. 15-2562, at pgs. 21-22 (7th. Cir., March 20, 2017) (Posner, J., dissenting) (discussing the just application of "statutes of limitations").

[29] Plaintiff's counsel shall initiate the Conference call with all appropriate parties on the line to (520) 205-4531.

[30] Note: Counsel must comply with Rule 26(f), and *actively seek to minimize the expense of discovery*. To that end, the parties shall make agreements regarding how to handle any e–discovery, disclosures, and claims of privilege or protection for trial-preparation materials.

[31] Prior to the Conference, counsel must make the necessary disclosures required under Rule 26(a)(1). Counsel shall file a Notice of Initial Disclosures with the Clerk of the Court in accordance with Rule 26(a)(4), rather than copies of the actual disclosures.

4.      A schedule for all pre-trial procedures due to the simplicity or complexity of the case;

5.      Potential modifications to pre-trial procedures due to the specifics of the case;

6.      All prospects for settlements; and

7.      Any matters which counsel feel will help efficiently & justly resolve this case.

**IT IS FURTHER ORDERED** that the parties shall prepare a joint *Case Management Plan*[32] and file it with the Court at least 5 days before the Conference.  The report must include brief statements — individually numbered — indicating:

1.      The names and telephone numbers for counsel who are appearing at the Pretrial Scheduling Conference.

2.      The Nature of the Case: further elucidating the factual and legal basis of Plaintiff's claims and Defendants' defenses;[33]

3.      The Factual Issues genuinely in dispute, and whether any issues can be narrowed by stipulation or motions;

4.      The Legal Issues genuinely in dispute, and whether any issues can be narrowed by stipulation or motions;

5.      The jurisdictional basis of the case, citing specific statutes;

6.      The parties, if any, that have not been served;

7.      The names of parties not subject to the Court's jurisdiction;

8.      Whether dispositive or partially dispositive issues can be decided

---

[32] The parties are jointly responsible for initiating the communication necessary to prepare this filing.

[33] Included, the parties must list of the elements of proof necessary for each remaining count of the Complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of proof that party must prove in order to prevail. The list of elements of proof must contain citations to relevant legal authority (*i.e.*, United States Supreme Court cases, Ninth Circuit Court of Appeals cases, Arizona State case and statutory law, or other authority as dictated by the conflicts of law rules).

by pre-trial motions;

9.    Whether the case is suitable for reference to arbitration, to a master, or to a magistrate for trial;

10.   The status of all related or relevant cases pending before other courts;

11.   The prospects for settlement — including: (1) why or why not each party wishes to have a settlement conference with a judge or magistrate; and (2) how settlement efforts can be assisted by the Court;

12.   Whether a jury trial is appropriate;

13.   Any specific "problems" that could affect the adjudication of the case;[34]

14.   Proposed deadlines for:

(a) completing discovery;

(b) filing dispositive motions;

(c) pretrial disclosure of witnesses and expert testimony pursuant to Rule 26(a)(2) and (3); and

(d) lodging a proposed joint pretrial order;

15.   Estimated length of trial; and

16.   All matters which counsel feel will aid in an efficient & just resolution.

After the Conference, the Court will enter a Rule 16 Scheduling Order governing the course of this action, unless modified by a subsequent order.[35]

Dated this 23rd day of March, 2017.

Honorable Frank R. Zapata
Senior United States District Judge

---

[34] For example, if the parties believe that discovery will require more than four months, counsel MUST provide an explanation showing why a lengthier period for discovery is necessary.

[35] The parties are cautioned that the deadlines set in the Scheduling Order shall be enforced.